UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT VALENZUOLO,<br>    *Plaintiff,*<br><br>    *v.*<br><br>CITY OF NEW HAVEN,<br>    *Defendant.* | Civil No. 3:11CV1336 (JBA)<br><br><br><br>September 21, 2012 |

RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Vincent Valenzuolo filed suit against Defendant City of New Haven alleging violations of the Connecticut Fair Employment Practices Act §§ 46a-58 and 46a-64 (Count One), and the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*(Count Two). Defendant moves [Doc. # 19] to dismiss Count One of Plaintiff's Amended Complaint [Doc. # 1–2]. For the reasons that follow, Defendant's motion will be granted and Count One will be dismissed.

I.    Factual Allegations

Plaintiff alleges the following in his Amended Complaint. Plaintiff is a person with a disability of total hearing loss. (Am. Compl. ¶ 1.) Plaintiff resides in New Haven, Connecticut. (*Id.* ¶ 5.) In June 2009, members of New Haven's Housing Code Enforcement office inspected Plaintiff's property, cited him for housing code violations, and served him with a summons to appear at New Haven Housing Court on October 8, 2009. (*Id.* ¶¶ 7–8.) On October 4, 2009, Plaintiff wrote to the Housing Court prosecutor and requested a continuance to a date after October 15, 2009, and "advised" that the state required that he be provided an interpreter for any court date. (*Id.* ¶ 9.)

On January 8, 2010, two police officers executed an arrest warrant for Plaintiff's "failure to appear" at Housing Court in October 2009. (*Id.* ¶ 10.) The officers knew that they were executing a warrant for housing code violations, and when they arrived at Mr. Valenzuolo's house, they "quickly discovered" that Plaintiff was deaf and could not hear them. (*Id.* ¶¶ 11–12.) The police officers handcuffed Plaintiff, and took him into custody, without any interpreter. (*Id.* ¶¶ 13–15.) Plaintiff was "in great fear" and lost consciousness (*id.* ¶ 16), and when he awoke, he was at Yale–New Haven Hospital in the officers' custody, where he remained for approximately ten hours, after which he was taken to New Haven Police headquarters for booking and processing (*id.* ¶¶ 17–18).

Throughout his time in the officers' custody, Plaintiff requested an interpreter but did not receive one. (*Id.* ¶ 19.) Plaintiff was released from custody the next day, January 9, 2010, after posting a $250 bond and obtaining a new Housing Court date. (*Id.* ¶ 20.) Plaintiff alleges that the officers knew that he was deaf and intentionally disregarded his disability, and that the City of New Haven failed to adequately train its officers of the "legal requirement to communicate effectively with a hearing–impaired citizen by contacting an interpreter, absent an emergency or any exigent circumstances, in order to avoid inflicting trauma and injury to a hearing–impaired citizen." (*Id.* ¶ 22.) Plaintiff further alleges that as a result of Defendant's unlawful actions, he suffered "bruises, damages to his health, physical pain, fear and continuing emotional distress." (*Id.* ¶ 23.)

II.   Discussion[1]

Plaintiff claims violations of Conn. Gen. Stat. § 46a-64 and the ADA.[2] Defendant moves to dismiss the § 46a-64 claim, arguing that § 46a-64 does not provide a private right of action.

Section 46a-64 provides in relevant part:

> (a) It shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, . . . intellectual disability, mental disability or physical disability, including, but not limited to, blindness or deafness of the applicant, subject only to the conditions and limitations established by law and applicable alike to all persons; (2) to discriminate, segregate or separate on account of race, creed, color, . . . intellectual disability, mental disability, learning disability or physical disability, including, but not limited to, blindness or deafness; . . .
>
> (c) Any person who violates any provision of this section shall be fined not less than twenty–five dollars or more than one hundred dollars or imprisoned not more than thirty days, or both.

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

[2] Plaintiff had originally also alleged a violation of Conn. Gen. Stat. § 46a-58, but in his opposition papers, concedes that there is no private right of action under that statutory provision. (*See* Pl.'s Opp'n [Doc. # 22] at 2.)

Neither the Supreme Court of Connecticut nor the Connecticut Appellate Court has decided the issue of whether there is a right of private enforcement under Conn. Gen. Stat. § 46a-64.[3] Under Connecticut law, there is a "well settled fundamental premise . . . that private enforcement does not exist unless expressly provided in the statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute." *Provencher v. Enfield*, 284 Conn. 772, 777–78 (Conn. 2007). In support for recognizing a private right of enforcement, Plaintiff cites to a single case, *Corcoran v. German Soc. Society Frohsinn, Inc.*, which does not address the question of a private right of action under § 46a-64, and is thus unhelpful to this Court's inquiry.

When considering whether an implied private right of action exists, the Connecticut Supreme Court advises courts to "not go beyond the text of the statute and its relationship to other statutes unless there is some textual evidence that the legislature intended, but failed to provide expressly, a private right of action." *Provencher*, 284 Conn. at 778. Such "textual evidence" can be "language granting rights to a discrete class without providing an express remedy or language providing a specific remedy to a class without expressly delineating the

---

[3] In *Corcoran v. German Soc. Society Frohsinn, Inc.*, 99 Conn. App. 839 (Conn. App. 2007), the court was concerned with which test to apply to determine whether a facility is a "place of public accommodation" under Connecticut law. *See id.* at 845 ("Here, however, the [lower] court did not apply or even acknowledge the clearly applicable definition of a public accommodation articulated by our Supreme Court in a case addressing the contours of § 46a-64, but instead, evaluated the plaintiff's claims solely within the federal framework. . . . [A] court may consider the [federal] factors, but only insofar as they pertain to the overarching test for a public accommodation stated in *Quinnipiac Council, Boy Scouts of America, Inc.* Because the court's analysis was not so constrained, we conclude that it was improper."). Thus, the private right of enforcement issue was never raised, much less decided.

contours of the right." *Id.* The express language of § 46a-64(a) and (c) sets out the prohibited conduct related to disability and the specific penalties for violations—i.e., fines or imprisonment. The text of § 46a-64 gives no indication that the "legislature intended, but failed to provide expressly, a private right of action." *Id.* Thus, the Court concludes that there is no private right of action under § 46a-64.[4]

This conclusion that § 46a-64 does not provide a private right of action is consistent with the only reported cases deciding this issue, the existence of which this Court recognized in *Collins v. University of Bridgeport*, 781 F. Supp. 2d 59, 65 n.4 ("each Connecticut Superior Court case addressing the issue has concluded that Section 46a–64 does not provide a private right of action."). *See Smith v. New Horizon Computer*, 47 Conn. L. Rptr. 311 (Conn. Super. Ct. 2009) (Section 46a–64 "was meant only to be enforced through fines or imprisonment, . . . Connecticut's public accommodation statute does not provide for either an express or implied, private cause of action under § 46a–64(a)(1) and (2)"); *Batiste v. Soundview Med. Assocs., LLC*, No. CV065001278, 2008 WL 1105247, at *5 (Conn. Super. Ct. March 25, 2009) ("[Section 46a–64] has been found to be penal in nature on several occasions and not to afford a private right of action."); *McPhail v. City of Milford*, No. 054506S, 1999 WL 126796, at *3 (Conn. Super. Ct. Feb. 25, 1999) ("[General Statutes §§ 46a–64(a)(1) and 46a–64(a)(2)] have been found to be penal in nature and not to afford a private cause of action."); *Wright*

---

[4] It is also relevant that courts construing Conn. Gen. Stat. § 46a-58, another statute that enumerates specific penalties for its violation, providing that "[a]ny person who violates any provision of this section shall be guilty of a class A misdemeanor, except that if property is damaged as a consequence of such violation in an amount in excess of one thousand dollars, such person shall be guilty of a class D felony," have concluded that it does not provide a private right of action. *See Alungbe v. Bd. of Trustees of Connecticut State Univ. (CSU) Sys.*, 283 F. Supp. 2d 674, 687 (D. Conn. 2003) ("The courts have held that this section provides no private right of action.").

*v. City of Hartford*, No. CV 970570863S, 1998 WL 83670, at *3 (Conn. Super. Ct. Feb. 13, 1998) ("There is no statutory authorization to bring private actions based on a violation of [Section 46a–64].")

As there is no private right of enforcement under Conn. Gen. Stat. § 46a-64, Plaintiff has failed to state a claim for which relief can be granted, and thus, Defendant's motion to dismiss Count One must be granted.

III.   Conclusion

For the reasons discussed above, Defendant's Motion [Doc. # 19] to Dismiss Count One is GRANTED and Count One is DISMISSED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of September, 2012.