UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------x
                                               :
VINCENT VALANZUOLO                             :     3:11 CV 1336 (JGM)
                                               :
V.                                             :
                                               :
CITY OF NEW HAVEN                              :     APRIL 18, 2013
                                               :
-----------------------------------------------x
```

RULING ON DEFENDANT'S MOTIONS IN LIMINE

On November 6, 2012, the parties consented to trial before this Magistrate Judge. (Dkt. #41). In accordance with the Pretrial Order, filed on January 28, 2013 (Dkt. #47), the bench trial is scheduled to commence on April 29, 2013. In further accordance with the Pretrial Order, the parties filed their Joint Trial Memorandum on March 5, 2013, and that same day, defendant filed the pending motions in limine, the first of which is its Motion In Limine Regarding Building Department (Dkt. #49), and the second of which is its Motion In Limine Regarding Plaintiff's Damages (Dkt. #50).[1] Twenty days later, plaintiff filed his brief in opposition (Dkt. #53),[2] as to which defendant filed its reply brief on April 9, 2012 (Dkt. #56).[3]

I.  DEFENDANT'S MOTION IN LIMINE REGARDING BUILDING DEPARTMENT (Dkt. #49)

In this motion, defendant seeks to bar all evidence regarding the conduct of the City's Building Department and/or Livable City Initiative ["LCI"] prior to January 8, 2010, the date

---

[1] Five exhibits were attached: copy of Plaintiff's Responses to Defendant's Interrogatories and Requests for Production, dated January 26, 2012 (Exh. A); copies of case law (Exhs. B-C); excerpts from plaintiff's deposition, taken on October 17, 2012 (Exh. D); and excerpts from plaintiff's deposition, taken on September 6, 2012 (Exh. E).

[2] Defense counsel is correct that plaintiff's brief was untimely under the Pretrial Order (Dkt. #47, ¶ 1(e)), but because it was timely filed under Local Rule 7(a), the Court will consider it nonetheless.

[3] Copies of case law are attached.

of the incident at issue here; plaintiff apparently has had ongoing interactions with LCI in 2001, 2003, 2004, 2008, and 2009.  (Dkt. #49, Brief at 1-2).  Insofar as plaintiff's claims under the ADA are against the New Haven Police Department, as opposed to LCI, defendant argues that this testimony is irrelevant, and "[e]ven if the evidence is relevant as a background to . . . plaintiff's arrest," there is "danger of unfair prejudice and confusion of issues."  (Id. at 2-3).   In his brief in opposition, plaintiff argues that because Mark Stroud of LCI was present on January 8, 2010 at plaintiff's residence, his knowledge is "directly relevant" to the issues at trial, and the evidence is neither confusing nor prejudicial.  (Dkt. #53, at 3).  In its reply brief, defendant represents that it is willing to stipulate that at the time of plaintiff's arrest, Stroud was aware that plaintiff had a hearing impairment, but that there will be prejudice if plaintiff is permitted to introduce evidence that plaintiff was discriminated against, or treated poorly, by City employees prior to January 8, 2010.  (Dkt. #56, at 2-3).

Plaintiff will be permitted to have Stroud testify briefly about LCI's interactions with plaintiff in 2009, solely as background to the incident on January 8, 2010, and may, of course, testify as to any matters that he witnessed on January 8, 2010.  Defendant is quite correct that plaintiff should not be allowed to introduce evidence that plaintiff was discriminated against, or treated poorly, by City employees prior to January 8, 2010. However, the danger of unfair prejudice and confusion is non-existent in that this is a trial to the court, and not to a jury.

Therefore, defendant's Motion In Limine Regarding Building Department (Dkt. #49) is granted in large part to the extent set forth above.

## II.  DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S DAMAGES (Dkt. #50)

In this motion, defendant seeks to exclude medical records containing impermissible

2

expert opinions, as plaintiff failed to disclosure any expert witnesses or provide the disclosures required by FED. R. CIV. P. 26(a), as well as to exclude any evidence of any injury to his shoulder.  (Dkt. #50, Brief at 2-5).[4]  In this case, the deadline for plaintiff's expert reports was originally May 31, 2012 (Dkt. #29, ¶ 1) and then was extended to October 31, 2012.  (Dkts. ##36-37).  Plaintiff argues that his therapist, Suzanne Guerrucci, LCSW, is a fact witness, who will not be asked for a professional opinion, but instead will describe and summarize her diagnosis and treatment of plaintiff after January 2010, and that under Connecticut statutory law, CONN. GEN. STAT. § 52-174(b), plaintiff may introduce medical records about his shoulder injury, and the absence of a witness goes to the weight of these medical records, and not their admissibility.  (Dkt. #53, at 1-2, 4).

While plaintiff identified Guerrucci on January 26, 2012 as one of his healthcare providers, he did not provide an expert report.  (Dkt. #50, Brief at 2-3 & Exh. A).  In 2010, FED. R. CIV. P. 26(a)(2) was amended, so that detailed expert reports must be provided under Rule 26(a)(2)(B) for expert witnesses "retained or specially employed to provide expert testimony in the case" as opposed to more generalized reports under Rule 26(a)(2)(C) for expert witnesses not so retained or specially employed.  As the 2010 Advisory Notes explain, "[f]requent examples" of individuals who are considered both fact and expert witnesses exempted under Rule 26(a)(2)(C) "include physicians or other health care professionals."[5] The 2010 amendments were discussed extensively by U.S. Magistrate Judge Randolph F.

---

[4]Defendant also sought to exclude evidence regarding punitive damages, lost rents, and inability to train a service dog. (Id. at 2, 5-6).  In that as plaintiff failed to address these arguments in his brief in opposition (see Dkt. #53; Dkt. #56, at 3, 5-6), defendant's motion is granted as to these three items.

[5]In 2007, now retired U.S. District Judge Alan H. Nevas described a treating physician as "a sort of 'hybrid' expert."  Badr v. Liberty Mut. Group, Inc., No. 3:06 CV 1208 (AHN), 2007 WL 2904210, at *4 (D. Conn. Sept. 28, 2007).

Treece last month in <u>Bartnick v. CSX Transp., Inc.</u>, No. 1:11 CV 1120 (GLS/RFT), 2013 WL 1113991, at *2 (N.D.N.Y. Mar. 18, 2013), who observed that "[n]otwithstanding the 2010 Amendments to Rule 26(a)(2) creating the less detailed report, there is no specific reference nor guidance as to how the various opinions from a treating physician should be captured." Not surprisingly, when a more generalized report has been provided, then the treating physician's testimony must be limited: "For treating physicians, opinions can be readily gleaned from the medical reports that generally encompass and expose the course of treatment and, thus, an abbreviated report makes sense.  Generally speaking the parameters of that testimony are limited to the care and treatment of the patient."  <u>Id.</u>  In contrast, when the treating physician is to testify about a more technical issue, then the more comprehensive expert report under Rule 26(a)(2)(B) is required: "[W]here the doctor is rendering an opinion based upon a reasonable degree of medical certainty, it would seem that the abbreviated report falls short of adequate disclosure."  <u>Id.</u>  It has long been the rule within the Second Circuit, prior to the 2010 amendment, that "treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." <u>Williams v. Regus Mgmt. Group, LLC</u>, No. 10 Civ. 8987 (JMF), 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012)(emphasis & multiple citations omitted).[6]

In a case decided last summer, <u>Eslin v. Housing Auth. of Mansfield</u>, No. 3:11 CV 134 (JCH), 2012 WL 3090976, at *5 (D. Conn. July 13, 2012), the defendants asked the court to preclude the testimony of the plaintiff's "treating clinician" when plaintiff had failed to provide

---

[6]When causation is a critical issue in the litigation, some courts require a treating physician to be treated as a retained expert witness if he or she is to opine about that issue.  <u>See, e.g.</u>, <u>Davids v. Novartis Pham. Corp.</u>, 857 F. Supp. 2d 267, 280-81 (E.D.N.Y. 2012); <u>Ordon v Karpie</u>, 223 F.R.D. 33, 36 (D. Conn. 2004)(Fitzsimmons, MJ).  That is not the case here.

a Rule 26(a)(2)(B) expert report.  U.S. District Judge Janet C. Hall denied the motion, in that plaintiff had provided defendants a list of all treating medical personnel, including this clinician, as well as more than 150 documents containing her treatment records, and this clinician had been subjected to a three hour deposition, at which she had been questioned extensively about her medical opinion as to diagnosis and causation.  Id.  Under these circumstances, Judge Hall found that this was "not one of those 'rare situations' in which the 'harsh remedy' of preclusion [was] justified."  Id. (citations omitted).  See also Dwyer v. Guilford Bd. of Educ., No. 3:05 CV 1155 (AHN), 2007 WL 1232039, at *1-3 & n.2 (D. Conn. Apr. 26, 2007)(Fitzsimmons, MJ)(in the absence of an expert report under Rule 26(a)(2)(B), testimony of plaintiff's family and marriage therapist would be limited to his treatment of plaintiff).

As in Eslin, defendant has been aware of Guerrucci since late January 2012, but from the record, and unlike Eslin, it is unclear whether defense counsel has been given a complete copy of Guerrucci's treatment records, or whether Guerrucci has been deposed.  If plaintiff has not done so already, **on or before April 22, 2013**, plaintiff shall provide defense counsel with the Rule 26(a)(2)(C) expert report for Guerrucci and copies of all treatment notes.  In that this is a trial to the Court, for which there is obviously more flexibility in scheduling, if defense counsel wishes to postpone Guerrucci's testimony in order to conduct a prompt deposition of the therapist, the Court is more than willing to accommodate that request; Guerrucci's testimony would be taken at a future time, after her deposition has been completed.  In any event, whenever Guerrucci testifies, her testimony will be limited to her diagnosis and treatment of plaintiff commencing in January 2010.

With respect  to the medical records regarding plaintiff's shoulder injury, defendant is quite correct that plaintiff cannot introduce these medical records without testimony from

a health care provider that he suffered this injury when he fell on January 8, 2010, that the injury was caused by the fall, and that the injury caused any pain or limitations.  See, e.g., Charlotte Walters Waterbury Hosp. v. Howmedica Osteonics Corp., No. 07 CV 1124 (JCH), 2009 WL 1929077, at *1-2 (D. Conn. July 2, 2009)(Fitzsimmons, MJ); Gallagher v. Crete Carrier Corp., No. 07 CV 332 (HBF), 2009 WL 2925441, at *10-11 (D. Conn. Sept. 10, 2009)(medical records not admitted under similar circumstances).

Accordingly, defendant's Motion In Limine Regarding Plaintiff's Damages (Dkt. #50) is granted in large part to the extent set forth above.

Dated at New Haven, this 18th day of April, 2013.

    /s/ Joan G. Margolis, USMJ\_\_
Joan Glazer Margolis
United States Magistrate Judge